IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT CHARLES FORAN, III, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:09-1156 |
| ) | Judge Trauger / Knowles |
| v. ) | |
| ) | |
| DICKSON COUNTY SHERIFF'S ) | |
| DEPARTMENT and LT. RHONDIA FELTS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Summary Judgment filed by Defendant William Jackson, M.D. Docket No. 34. Along with that Motion, Defendant has filed a supporting Memorandum of Law (Docket No. 35), a Statement of Material Facts As To Which Defendant Jackson Contends There Is No Genuine Issue For Trial (Docket No. 36), and Defendant's Affidavit (Docket No. 37).

Plaintiff has filed a "Motion for Denial of Summary Judgement [*sic*]," which the undersigned will construe as a Response to Defendant's Motion for Summary Judgment. Docket No. 47. Plaintiff has not, however, responded to Defendant's Statement of Material Facts.

Plaintiff, an inmate of the Dickson County Jail at all times relevant to this action, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care, in violation of his Eighth Amendment rights. Docket No. 1,

1

Complaint, and Docket No. 39, Amended Complaint. Plaintiff alleges that Defendant Jackson discarded a medical request form completed by Plaintiff, and that Defendant Jackson failed to treat Plaintiff, despite his complaint of left kidney pain. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.*

Defendant filed the instant Motion and supporting materials on July 8, 2010, arguing that he is entitled to a judgment as a matter of law because, (1) the evidence establishes that the evaluation and medical treatment Defendant provided to Plaintiff at the Dickson County Jail complied with the recognized standard of acceptable professional practice for family practitioners in Dickson, Tennessee for treatment of similar patients under similar circumstances; and (2) nothing Defendant did, or failed to do, caused Plaintiff any injury which would not have otherwise occurred. Docket Nos. 34, 35. Defendant argues that he treated Plaintiff on numerous occasions between 2007 and 2009, and that on each occasion, he made an appropriate diagnosis and recommended appropriate treatment, with each diagnosis and recommended treatment falling within the ambit of the recognized standard of acceptable professional practice for family practitioners in Dickson, Tennessee from 2007 through 2009. *Id.*

Plaintiff responds that Defendant's Motion should be denied because he has not had the opportunity to complete the discovery served upon him by Defendants, and because he wants to obtain an affidavit from an alleged witness, "Martez D. Bell." Docket No. 47.

For the reasons discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[1]

Defendant is a physician whose specialty of practice is family medicine. Docket No. 37, Affidavit of William Jackson, M.D. ("Def. Aff."), ¶ 1. Defendant attended medical school at Universidad Autonoma de Guadalajara (Mexico) and completed the formal requirements of that institution in 1976. *Id.*, ¶ 4. Defendant completed an academic year of supervised clinical training in family practice at the University of Tennessee, Memphis in 1976-1977, through the Fifth Pathway program. *Id.* After completing the Fifth Pathway program, Defendant entered and completed a three-year residency program in family medicine sponsored by the University of Tennessee, Memphis at Jackson-Madison County General Hospital in Jackson, Tennessee from 1977-1980. *Id.* After completing the family medicine residency program in 1980, Defendant began practicing family medicine in Dickson, Tennessee as a physician in private practice. *Id.,* ¶ 5. Defendant has been practicing family medicine in Dickson continuously since that time. *Id.* Defendant is a member of Dickson Medical Associates, where he practices family medicine. *Id.* Defendant has earned the degree of Fellow in the American Academy of Family Physicians. *Id.*

Defendant is licensed to practice medicine in Tennessee, and has been so licensed in Tennessee continuously since 1977. *Id.*, ¶ 2. Defendant was licensed in Tennessee and was practicing the specialty of family medicine in Dickson, Dickson County, Tennessee, at all times relevant to the case at bar, and during the year preceding the September 13, 2009 date on which Plaintiff alleges that he failed to receive treatment for pain in his left kidney at the Dickson County Jail. *Id.*

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

Defendant has contracted with the Dickson County government for approximately twenty-five years to provide medical services for inmates house at the jail facilities in Charlotte, Tennessee. *Id.*, ¶ 6. He routinely sees and treats inmate patients upon request at the jail facilities pursuant to his contract with the county and as part of his family medicine practice. *Id.* In 2009, Defendant routinely provided medical services to inmates at the Dickson County Jail on a daily basis and was available to provide medical services to county inmates seven days per week. *Id.*

In 2009, an inmate desiring medical services at either of the Dickson County jails would complete a medical request form and submit it to the jail staff. *Id.*, ¶ 7. The staff member would then place the completed request form from the inmate in the doctor's "call" box at the jail. *Id.*, ¶ 8. Generally, Defendant would make rounds at the jail early each day before starting his family practice clinic at Dickson Medical Associates and would evaluate and/or treat the inmate as quickly as possible, usually the next business day after the medical request form was completed and placed in the doctor's call box at the jail facility. *Id.*

Defendant saw Plaintiff as a patient intermittently on multiple occasions from 2007 through 2009, when Plaintiff was held as an inmate at the Dickson County jail. *Id.*, ¶ 9. *See also*, *id*., ¶¶ 9-12. Defendant saw Plaintiff as a patient both before and after September 13, 2009 at the Dickson County jail, pursuant to his completed requests for medical care. *Id.*

Defendant was not aware of any request for medical treatment, either oral or written, made by Plaintiff on or about September 13, 2009 for complaints of kidney pain or passing out from kidney pain. *Id.*, ¶ 14. Defendant never received any copies of the written request for medical treatment form related to Plaintiff's complaints of kidney pain or passing out from kidney pain, and he did not throw out or discard any written requests by Plaintiff for medical

treatment.  *Id.*

Defendant treated Plaintiff numerous times after September 13, 2009, and Plaintiff never mentioned or requested medical evaluation or treatment for left kidney pain, left-sided abdominal pain, or passing out from such pain.  *Id.*, ¶ 15.  Defendant never refused to evaluate Plaintiff for his complaints of left kidney or abdominal pain because he was never aware of any request for such medical treatment.  *Id.*  Moreover, after the alleged September 13, 2009 request at issue, Plaintiff did not request any medical evaluation or treatment related to his abdomen or kidneys for the duration of his incarceration at the Dickson County jail.  *Id.,* ¶ 16.  Plaintiff did not have a severe or serious medical condition involving his kidneys or abdomen for which medical treatment was necessary or required in September 2009.  *Id*.

The evaluation and medical treatment that Defendant provided to Plaintiff on numerous occasions from 2007 through 2009 at the Dickson County jail complied with the recognized standard of acceptable professional practice for family practitioners in Dickson, Tennessee for treatment of similar patients under similar circumstances.  *Id.,* ¶ 17.  Defendant accurately diagnosed Plaintiff's condition based upon the information available to him on those occasions, and recommended appropriate treatment for Plaintiff's complaints.  *Id.*

Defendant did not deliberately refuse to treat a serious medical need of Plaintiff. *Id.*, ¶ 18. Defendant was not deliberately indifferent to a serious medical need of Plaintiff.  *Id.*  From 2007 through 2009, Defendant made appropriate diagnoses of Plaintiff's conditions and recommended appropriate treatments.  *Id.*  Defendant's diagnosis, evaluation, and treatment of Plaintiff did not deviate from the recognized standard of acceptable professional practice for family practitioners in Dickson, Tennessee from 2007 through 2009, and Defendant did not fail to take any action or

5

prescribe any additional treatment required by the standard of care under the circumstances of this case. *Id.*

Defendant complied with the requirements of acceptable professional practice in providing care and treatment to Plaintiff. *Id.*, ¶ 19. Nothing which Defendant did, or failed to do, caused Plaintiff to suffer any injury which would not otherwise have occurred. *Id.* Defendant was not aware of any additional medical treatment that could or should have been provided to Plaintiff. *Id.* Plaintiff received good medical care while he was confined at the Dickson County jail. *Id.*

The only specific reference to Dr. Jackson in Plaintiff's Complaint is as follows:

> The medical request that I filled out, was thrown out by doctor Bill Jackson. The facility doctor here at the Dickson County sheriff's office (The Dickson County Jail).

Docket No. 1, p. 8.[2]

The Court notes that Plaintiff's Complaint and Amended Complaint, which are signed by Plaintiff, contained a "Certification" that states:

> I (we) certify under penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge, and belief.

Docket No. 1, p. 10. *See* 28 U.S.C. § 1746.

### III. Analysis

**A. Local Rules 56.01(c) and (g)**

With respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

---

[2] Plaintiff subsequently filed an Amended Complaint (Docket No. 39), but the allegations contained therein against Dr. Jackson are essentially the same.

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B.  Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C.  42 U.S.C. § 1983

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. § 1983. *See* Docket Nos. 1, 39. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D. The Case at Bar**

Plaintiff argues that, on September 13, 2009, Defendant was deliberately indifferent to his serious medical needs (namely left kidney pain), in violation of his Eighth Amendment rights. Docket Nos. 1, 39. In order to prevail on his claim, Plaintiff must establish that he had sufficiently serious medical needs and that Defendant knew of, but was deliberately indifferent to, those serious medical needs. *See, e.g., Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). Plaintiff in the case at bar can show neither.

As an initial matter, it is undisputed that Plaintiff did not have a severe or serious medical condition involving his kidneys or abdomen for which medical treatment was necessary or required in September 2009. Docket No. 37, ¶ 16. It is further undisputed that, (1) Defendant never received any copies of a written request for medical treatment form related to Plaintiff's complaints of kidney pain or passing out from kidney pain; (2) Defendant did not throw out or

9

discard any written requests by Plaintiff for medical treatment; and (3) Defendant was not aware of any request for medical treatment, either oral or written, made by Plaintiff on or about September 13, 2009, for complaints of kidney pain or passing out from kidney pain. *Id.*, ¶ 14. Moreover, it is also undisputed that Defendant treated Plaintiff numerous times after September 13, 2009, and that Plaintiff never mentioned or requested medical evaluation or treatment for left kidney pain, left-sided abdominal pain, or passing out from such pain. *Id.*, ¶ 15.

Because Plaintiff has failed to establish that he had a sufficiently serious medical need with regard to his left kidney, and because Plaintiff has failed to establish that Defendant knew of, but was deliberately indifferent to, a serious medical need regarding his left kidney, Plaintiff cannot sustain his Eighth Amendment claims against Defendant Jackson.

Two other points merit discussion.

First, as discussed above, the only specific claim in Plaintiff's Complaint against Dr. Jackson is that Dr. Jackson threw out a medical request that Plaintiff had filled out. As has been noted, Plaintiff subsequently filed an Amended Complaint (Docket No. 39), but the allegations contained therein against Dr. Jackson are essentially the same. Dr. Jackson's Statement of Undisputed Material Facts and his Affidavit specifically state, however, that Dr. Jackson "did not throw out or discard any written requests by [Plaintiff] for medical treatment." Docket Nos. 36, p. 4; 37, p. 5.

Because Plaintiff's Complaint and Amended Complaint were executed under penalty of perjury, the Court will assume for purposes of argument that there is a factual dispute as to

whether Dr. Jackson threw out a medical request that Plaintiff had filled out.[3] This fact, however, is not material to Plaintiff's claims or the issues before this Court. Dr. Jackson's Affidavit and the Statement of Undisputed Material Facts establish that Plaintiff received appropriate medical care from Dr. Jackson, regardless of whether Dr. Jackson threw out a medical request.

Second, Plaintiff's Response to the instant Motion argues that summary judgment should be denied, pursuant to Fed. R. Civ. P. 56(f)(1), which provides in relevant part, "If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) deny the motion...."[4] Plaintiff argues that he has not had the opportunity to complete "the discovery from the defendants," and that he needs an affidavit of an alleged witness, Martez D. Bell. Docket No. 47, p. 1-2. Plaintiff identified Mr. Bell in the Complaint as a cell mate, and stated in the Complaint, "he witnessed everything." Docket No. 1, p. 7.

Plaintiff, however, has not provided an affidavit, as required by Fed. R. Civ. P. 56(f)(1). Even if Plaintiff had provided an affidavit from Mr. Bell, stating that Dr. Jackson threw out Plaintiff's medical request, that fact would still not be material for reasons discussed above. Furthermore, Plaintiff argued that he had not "had the opportunity to complete the discovery from the defendants." This fact, however, is not relevant to whether he "cannot present facts

---

[3] Plaintiff's "Certification" may not technically meet the requirements of 28 U.S.C. §1746, but the Court will overlook this possible issue for present purposes.

[4] The quoted portion of Rule 56(f) was slightly amended and renumbered as Rule 56(d)(1), effective December 1, 2010. The instant Motion and Response were filed prior to December 1, 2010, and the Court will apply the provisions of Rule 56(f)(1) as quoted above. The Court notes, however, that the result would be the same under the new version of the Rule.

11

essential to justify [his] opposition."

For the reasons discussed above, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                      E. Clifton Knowles
                                                      United States Magistrate Judge