**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **ROBERT CHARLES FORAN, III,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **DICKSON COUNTY SHERIFF'S** ) <br> **DEPARTMENT and LT. RHONDIA FELTS,** ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) | **Case No. 3:09-1156** <br> **Judge Trauger / Knowles** |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Sheriff Tom Wall's Motion To Dismiss On The Pleadings For Insufficiency Of Service. Docket No. 68). In his Motion, Defendant Wall asserts that Plaintiff's claims against him must be dismissed because he has never received, nor signed for, a summons. *Id.*

Plaintiff has filed a "Motion Opposing Defendants [*sic*] Response to Dismiss Case and Default Judgement [*sic*] and Plaintiff's Demand for Judgement [*sic*]" (Docket No. 73), which the undersigned will construe as a Response. Plaintiff essentially argues that he had the United States Marshals properly serve Defendants. *Id.*

As an initial matter, Plaintiff's original Complaint named the Dickson County Sheriff's Department as a Defendant (and not Sheriff Wall). *See* Docket No. 1. On April 9, 2010, Plaintiff filed an Amended Complaint adding Defendant Wall as a Defendant in his official and individual capacities.

1

A defendant in litigation must be properly served with a summons before the Court can exercise personal jurisdiction over that defendant. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987).

On January 26, 2010, a summons was issued to "Sheriff Tom Wall (Dickson County Sheriff's Office)." Docket No. 21. That summons is the only summons in the record that names Defendant Wall. That summons must have been for the Dickson County Sheriff's Department, because Sheriff Wall had not then been named as an individual Defendant in this action. *See* Docket Nos. 1, 21, 33. That summons, therefore, was insufficient as to Defendant Wall in his individual capacity.

Inasmuch as Plaintiff subsequently sought to sue Defendant Wall in his official capacity as Sheriff, Fed. R. Civ. P. 4(j)(2) states as follows:

> **State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (a) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

In the State of Tennessee, valid service on a state, municipal, or state-created governmental organization requires personal service upon the chief executive officer of that organization. *See Pernie Barger v. City of Huntsville, Tennessee*, 63 S.W.3d 397, 398 (Tenn. App. 2001), *interpreting* Tenn. R. Civ. P. 4.04(8).

Although the summons discussed above was addressed to Defendant Wall, Defendant

Wall did not sign for that summons. *See* Docket No. 21, green card.[1] Rather, that summons was signed for by, as best the Court can tell, "Dep. Cavender." *Id.* Defendant Wall, as Sheriff, never received, nor signed for, any summons. Accordingly, any "service" of that summons was insufficient to satisfy the summons requirements to impose official capacity liability upon Defendant Wall, and Plaintiff's official capacity claims against him should be dismissed.

For the foregoing reasons, the instant Motion to Dismiss (Docket No. 68) should be GRANTED, and Plaintiff's claims against Sheriff Wall in his individual and official capacities should be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[1] Although Plaintiff contends in his Response that Sheriff Wall signed for the summons on January 26, 2010, the signature on the summons is that of "Dep. Cavender," and not Sheriff Wall. *See* Docket No. 21, green card.

3