IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES FORAN, III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:09-1156 |
| | ) | Judge Trauger / Knowles |
| v. | ) | |
| | ) | |
| DICKSON COUNTY SHERIFF'S | ) | |
| DEPARTMENT and LT. RHONDIA FELTS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Summary Judgment filed by Defendants Dickson County Sheriff's Department and Lieutenant Rondia Felts. Docket No. 76. Along with that Motion, Defendants have filed a supporting Memorandum of Law (Docket No. 77), a Statement of Undisputed Facts (Docket No. 78), Excerpts from Plaintiff's Deposition ("Plaintiff's Dep.") (Docket No. 79-1), and the Affidavit of Defendant Felts ("Felts Aff.") (Docket No. 80).

Plaintiff has filed a Response in Opposition (Docket No. 86), and a "Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment" (Docket No. 87).

Defendants have filed a Reply. Docket No. 98.

Approximately two weeks after Defendants filed their Reply, Plaintiff filed the following

1

documents: "Plaintiff's Statement of Disputed Factual Issues" (Docket No. 105)[1], a "Brief in Opposition to Defendants' Summary Judgment Motion" (Docket No. 106), and his "Affidavit in Opposition to Defendants' Motion for Summary Judgment" (Docket No. 107).

Plaintiff, an inmate of the Dickson County Jail at all times relevant to this action, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his need for medical treatment while he was incarcerated, in violation of his Eighth Amendment rights, and that "several different guards/deputies" retaliated against him, in violation of his Fourteenth Amendment rights. Docket No. 1, Complaint, and Docket No. 39, Amended Complaint. Plaintiff sues Defendant Felts in her official and individual capacities, and he raises claims against the "Dickson County Sheriff's Department." *Id.* Plaintiff seeks compensatory and punitive damages. *Id.*

Defendants filed the instant Motion and supporting materials on September 13, 2010. Docket Nos. 76-80. Defendants contend that they are entitled to summary judgment because, 1) the Dickson County Sheriff's Department is not an entity subject to suit under § 1983; and because, 2) Plaintiff has not adduced sufficient proof to establish either that he has suffered the deprivation of any constitutional right, or that any policy, practice, or custom of Defendants was the direct causal link behind the alleged violation of Plaintiff's constitutional rights. Docket No. 77.

Plaintiff responds that Defendants' Motion should be denied because Defendants denied him medical care and were deliberately indifferent to his medical needs. Docket No. 87.

---

[1] Plaintiff's "Statement of Disputed Factual Issues" is a list of thirteen issues that Plaintiff claims are disputed. It does not contain any citations whatsoever, and is not in a form required by Fed. R. Civ. P. 56 or the Local Rules.

Plaintiff also argues that "several different guards/deputies" retaliated against him. *Id.*

Defendants argue in their Reply that Plaintiff has never produced any "verifying medical evidence" to establish that any sufficiently serious medical condition existed as to deprive him of any Eighth Amendment constitutional right. Docket No. 98. Defendants also argue that, although Plaintiff's Response reiterates his own subjective recollection of the alleged incident, he fails to support it with any medical proof as required. *Id.* With regard to Plaintiff's retaliation allegations, Defendants contend that Plaintiff has failed to properly assert those claims because he failed to raise the allegations in his Amended Complaint (Docket No. 39). *Id.* Defendants assert that Plaintiff's Amended Complaint (Docket No. 39) supercedes his original Complaint (Docket No. 1), such that Plaintiff's omission of his retaliation claims in his Amended Complaint (Docket No. 39) removes them from properly being before this Court.[2] *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[3]

On September 13, 2009, Plaintiff was being held in the Dickson County Jail. Plaintiff's Dep., p. 16:16-23. On September 13, 2009, Plaintiff felt fine during breakfast (served between 5:00 a.m. and 6:00 a.m.). *Id.*, pp. 21:17-21:23. Plaintiff re-awoke between 9:00 a.m. and 10:00 a.m. "with kidney pain in his left side, front and back." *Id.*, pp. 16:21-17:4; 22:5-7.

Plaintiff notified Deputy England, who was in the jail tower, of his pain by pressing an

---

[2] Despite Defendants assertions, however, Plaintiff mentions "retaliation" in his Amended Complaint. *See* Docket No. 39, p. 7.

[3] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

intercom button located in the day room where Plaintiff was located. *Id.*, pp. 17:2-9; 24:17-25:4. Approximately fifteen to thirty minutes later, Sergeant Whittington came to Plaintiff's cell. *Id.*, pp. 26:19-27:5. Plaintiff told Sergeant Whittington that his left side hurt and that he needed to go to the hospital. *Id.*, pp. 27:18-28:6. Plaintiff never specifically informed Sergeant Whittington that his kidney hurt. *Id.*, p. 28:4-6.

Sergeant Whittington provided Plaintiff with a medical request to be completed by Plaintiff. *Id.*, p. 28:7-12. Plaintiff completed the medical request form and returned it to Sergeant Whittington, who informed Plaintiff that she would indicate on the form that Plaintiff needed to be seen first. *Id.* Sergeant Whittington informed Plaintiff that Lieutenant Rondia Felts had denied his request to go to the hospital. *Id.*, pp. 17:21-18:1; 28:7-12; 28:25-29:12; 33:6-11.

Plaintiff reported that, he laid on his mat while waiting for lunch, which seemed to ease the pain. *Id.*, p. 36:1-21. Plaintiff did not request any further assistance or see any other deputies during that time. *Id.*, pp. 36:22-24; 38:18-21. Plaintiff estimates that approximately twenty minutes after lunch was served, the pain became suddenly intense and he passed out. *Id.*, pp. 18:2-8; 38:22-40:13.

Plaintiff was facing the wall in his cell when he passed out. *Id.*, p. 41:2-8. Plaintiff reports that he awoke less than an hour later to Sergeant Whittington checking his pulse. *Id.*, p. 40:11-16.

Upon his awakening, the pain had "eased completely" and through the date of his filing of this action, Plaintiff has never experienced any other similar pain episodes. *Id.*, p. 41:12-25. Plaintiff had never experienced any kidney pain prior to the day in question. *Id.*, pp. 12:17-13:5; 20:24-21:3. Plaintiff has never been treated for, nor diagnosed with, kidney stones or any

4

disease or disorder of his kidney since the episode in question.  *Id.*, pp. 42:1-43:25; 77:8-80:9.

### III.   Analysis

### A.  Local Rules 56.01(c) and (g)

With respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c.  Response to Statement of Facts.**  Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.  Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g.  Failure to Respond.**  Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Material Facts.  Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment."  Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

### B.  Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A dispute is "genuine" only if "the evidence is such

5

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C.  **42 U.S.C. § 1983**

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

As an initial matter, and as a matter of law, the Dickson's County Sheriff's Department is not an entity subject to suit under 42 U.S.C. §1983. *See Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1989). The Court will, therefore, analyze Plaintiff's claims as though they had been brought directly against Dickson County.

**D. The Case at Bar**

1. **Eighth Amendment Claims**

Plaintiff argues that, on September 13, 2009, Defendants were deliberately indifferent to his serious medical needs (namely left kidney pain), in violation of his Eighth Amendment rights. Docket Nos. 1, 39. As an initial matter, in order to prevail on his claim, Plaintiff must establish first, that he had sufficiently serious medical needs, and second, that Defendants knew of, but were deliberately indifferent to, those serious medical needs. *See, e.g., Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). Plaintiff cannot meet his burden.

Plaintiff testified in his Deposition that, on the day in question, he felt fine during breakfast, but re-awoke several hours later with kidney pain in his left side. Plaintiff stated that he notified Deputy England, who sent Sergeant Whittington to his cell. Plaintiff testified that he told Sergeant Whittington that his left side hurt and that he needed to go to the hospital, but acknowledged that he never informed Sergeant Whittington that his kidney hurt.

Plaintiff testified that, upon awakening after passing out, the pain had "eased completely." Plaintiff further testified that he has not experienced any similar pain episodes since his awakening.

Plaintiff additionally testified in his Deposition that, prior to the episode in question, he had never experienced any kidney pain or similar pain episodes. Plaintiff also testified that he has never been treated for, or diagnosed with, kidney stones or any disease or disorder of his kidney.

Because Plaintiff has failed to establish that he had a sufficiently serious medical need with regard to his left kidney, Plaintiff cannot sustain his Eighth Amendment claims.

2. **Fourteenth Amendment Retaliation Claims**

Plaintiff also alleges that, after he filed the instant action, "The deputies at the Dickson County Sheriff's Office/jail started retailating [*sic*] against [him]." Docket No. 39, p. 7. Plaintiff also made the following statements in his original Complaint:

> ever since the paperwork came back for this law suit. this Jail has been making it harder on me. they refuse to let me out of my cell. refuse to let me shower. They've tried setting me up twice once a guard said I broke a lunch tray. I had eleven witnesses to that, saying I didn't, and then the same guard dropping a cigarette by my door. They've tried jumping me. First time six guards, second time four guards, I have witnesses to that.

Docket No. 1, p. 8.

While Defendants are correct that Plaintiff's Amended Complaint supercedes his original Complaint (*Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir.2000)), the Court will nevertheless consider the allegations of the Complaint and the Amended Complaint with regard to Plaintiff's claims of retaliation.

Initially, the Court notes that Plaintiff does not identify which people he alleges violated his rights, nor does he provide any details about what they allegedly did or when they allegedly did it. Accordingly, the undersigned cannot discern whether Plaintiff is alleging that any of the named Defendants in this action were part of the "several different guards/deputies" that he alleges "retaliated" against him.

With regard to Plaintiff's Fourteenth Amendment individual capacity claims, Plaintiff must present affirmative evidence that *each* Defendant violated his rights; conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898

9

F.2d 1155, 1162 (6th Cir. 1990). Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

As has been noted, Plaintiff has not even identified which "guards/deputies" "retaliated" against him, much less has he set forth facts to support his legal conclusions that the instant Defendants violated his Fourteenth Amendment rights. Plaintiff's allegations are general and conclusory. He cannot, therefore, sustain this claim.

With regard to Plaintiff's Fourteenth Amendment official capacity claims, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v.*

*Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. Thus, Plaintiff's official capacity claims against Defendant Felts must be analyzed under the same standards that are applicable to the potential liability of Dickson County.

In order for a public entity to be subject to liability under § 1983, the plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).

In order to withstand this aspect of Defendants' Motion for Summary Judgment, therefore, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Dickson County official policy, practice, or custom. *City of Canton*, 489 U.S. at 387-88. Plaintiff has failed to do so. Plaintiff has not even alleged that an official policy, practice, or custom of retaliation exists, much less that some constitutionally deficient policy, practice, or custom caused him injury. Accordingly, Plaintiff cannot sustain this claim.

For the reasons discussed above, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.[4]

---

[4] The undersigned has previously submitted two Reports and Recommendations recommending that Plaintiff's claims against Defendants Dr. William Jackson and Sheriff Tom Wall be dismissed. Docket Nos. 133, 134. The instant Report and Recommendation pertains to the only two remaining Defendants, Defendant Rhondia Felts and Defendant Dickson County Sheriff's Department.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge