# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT CHARLES FORAN, III,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CASE NO. 3:09-1156 |
| | ) JUDGE TRAUGER/KNOWLES |
| **DICKSON COUNTY SHERIFF'S DEPARTMENT and LT. RHONDIA FELTS, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court upon a document filed by the pro se Plaintiff headed, "Motion in Support of 28 § 144." Docket No. 116. Plaintiff has also submitted a document headed, "Affidavit in Support of 28 § 144." Docket No. 117. The Motion requests that the Clerk "Have Judge Trauger And Knowles Remove Themselves From The Plaintiff's Case For The Reasons Submitted In The Affidavit." Docket No. 116, p. 1. Defendants Dickson County Sheriff's Department and Lt. Rhondia Felts have filed an Amended Response to the Motion (Docket No. 123).[1] Plaintiff has also filed a "Response," to Defendants' Amended Response. Docket No. 124.

Plaintiff relies upon 28 U.S.C. § 144, which provides as follows:

---

[1] Defendants' Amended Response is essentially identical to an earlier Response they filed to the Motion. Docket No. 122.

**Bias or Prejudice of Judge**

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file within such time period. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff's Motion indicates that the Affidavit was "Made In Good Faith." Docket No. 116, p. 1.

The grounds set forth in Plaintiff's Affidavit are essentially that the undersigned has granted all of Defendants' Motions that have been filed in this action, but has granted only one of Plaintiff's Motions filed herein. Plaintiff also complains that he wrote a letter containing "Personal Information" to Judge Trauger requesting her assistance on the appointment of counsel, but that Judge Trauger "Placed This Letter On Docket . . . ." Docket No. 117, p. 3. Plaintiff also states that the Court had made no rulings upon several other Motions he had filed. Plaintiff also refers to the fact that he had received a copy of a Motion filed by another inmate, which Motion was denied, in a case pending before Judge Trauger and the undersigned. Docket No. 117, p. 4. Plaintiff states, "I Feel That Judge Trauger And Knowles Are Prejudice And Bias Towards Inmates, And Should Remove Themselves From My Case . . . ." *Id.*

As Defendants correctly argue, recusals are governed by 28 U.S.C. § 455. That statute contains two operative provisions, a general provision and a provision containing five different

situations. The general provision states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The only one of the specific provisions that could possibly be applicable in the case at bar is subsection (b)(1), which provides:

> (b) He shall also disqualify himself from the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

It is well established that these provisions of § 455 require a Judge to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the Judge's impartiality might reasonably be questioned, or when there is a personal bias or prejudice. *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989). The kind of bias that requires recusal is more than simply a favorable or unfavorable position toward an individual. Rather, bias results from an opinion that is wrongful either because it is based on knowledge that the Judge should not possess or because the opinion is excessively strong. *Schilling v. Heavrin (in re Triple S Rest., Inc.)*, 422 F.3d 405, 417 (6th Cir. 2005) *citing Liteky v. United States*, 510 U.S. 540, 550 (1994). Additionally,

> The Court is not required to rely on Plaintiff's own subjective and self-serving opinions . . . . it is the Plaintiff's burden to show that a reasonable person, knowing the facts, would be convinced that bias exists.

*Ervin v. Nashville Peace and Justice Center, et al.,* No. 3: 07-0832, United States District Court for the Middle District of Tennessee, Order entered January 22, 2008 (Echols, J.) (Docket No. 87, p. 2) (citations omitted).

Furthermore, as one noted authority has stated:

3

> A judge's duty to hear a case when no legitimate reason for recusal
> exists is as strong as the judge's duty to recuse when there is a
> valid reason. A judge should not recuse on unsupported, irrational,
> speculative, or highly tenuous grounds. A judge must hear a case
> unless some reasonable factual basis to doubt the impartiality of
> the tribunal is shown by some kind of probative evidence.

**Moore's Federal Practice 3d** § 63.60[1][b], p. 63-62 (citations omitted).

As discussed above, Plaintiff seeks to recuse the undersigned because the undersigned has granted Motions filed by Defendants but denied Motions filed by Plaintiff. Plaintiff seeks to recuse Judge Trauger because she ordered (Docket No. 93) that an ex parte letter sent by Plaintiff to her (Docket No. 94) be made a part of the record in this case.

It is clear that a reasonable person would not conclude the impartiality of either the undersigned or Judge Trauger could reasonably be questioned. In virtually every case in which Motions are filed, the Court rules in favor or one party and against another party on those Motions. Even if no Motions are filed in a case, when the case proceeds to trial, the Court will rule in favor of one party and against another party. Obviously, the way a Court rules upon Motions, in and of itself, cannot be a basis for recusal, otherwise any Judge could be recused in virtually any case. As the United States Supreme Court has stated, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[2] *Liteky v. United States,* 510 U.S. 540, 555 (1994).

Additionally, Fed. R. Civ. P. 5 requires that parties who file documents with the Court must serve copies of those documents on the other parties in the lawsuit. The letter Plaintiff sent

---

[2] Plaintiff apparently has not considered the possibility that the undersigned denied his Motions in accordance with applicable law. If Plaintiff disagrees with the undersigned's rulings, he has appropriate remedies under the Federal Rules of Civil Procedure.

4

to Judge Trauger does not contain a certificate of service, and there is otherwise no indication that that letter was served upon Defendants. Plaintiff argues that the document was "A Letter" (presumably as opposed to a Motion or a request for review), and that Judge Trauger's Order that the letter be filed "Jeopardized My Whole Case Because Of The Serious Confidential Information In It." Docket No. 117, p. 3. Plaintiff never explains exactly what "Serious Confidential Information" was in the letter.

Moreover, the letter plainly states in part:

> I am writing you in regards to the above case. The main reason for this letter is because of the appointment of counsel issue. Judge Trauger I am not trying to harass you on this subject. I have been doing everything in my power to get counsel because of the situation am in . . . . *I would really insist that you would please reconsider appointing me counsel.*

Docket No. 94, p. 1.

The record reflects that, at the time the referenced letter was filed on October 13, 2010, the undersigned had previously denied two separate requests from Plaintiff to appoint counsel for him. Docket Nos. 14, 50. In view of that fact, and in view of the plain language of the letter, it was not unreasonable for Judge Trauger to conclude that the referenced letter was an attempt to have her "reconsider" the Orders of the undersigned. Thus, the filing of the letter cannot be a basis for recusal.

In short, Plaintiff has shown no basis for the recusal of the undersigned or for the recusal of Judge Trauger and, therefore, the instant Motion (Docket No. 116) is DENIED.[3]

---

[3] The Court notes that Plaintiff has subsequently filed a "Writ of Mandamus," directed to Chief Judge Campbell, seeking that Judge Campbell "compel" Judge Trauger and the undersigned to "recuse themselves from this cause." Docket No. 132-1.

IT IS SO ORDERED.

                                      _____
E. Clifton Knowles
United States Magistrate Judge